UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

BROOKE BAVINGER and MICHAEL THURE
CAIRE, individually, and as parents and
natural guardians of A. C., a minor child,

CIVIL ACTION NO.: 8:20-cv-01265

V.

SOUTHWEST AIRLINES CO.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, BROOKE BAVINGER and MICHAEL THURE CAIRE, individually and as

parents and natural guardians of A. C, a minor child, by and through their attorneys allege as

follows for their complaint:

## INTRODUCTION

1.      This is a personal injury claim with diversity jurisdiction in which a 3-year-old

child (A.C.) was injured by a flight attendant who elected to clean the airplane and prepare for the

next flight instead of helping the passengers deplane.

2.      A.C. and his parents were attempting to exit the airplane after landing in Tampa

when A.C. became separated from his parents by the other passengers exiting the airplane.

3.      A.C. entered a row to wait for his parents and a flight attendant came to the row

attempting to clean the airplane and lifted an armrest by A.C. catching A.C.'s finger in the armrest

that the flight attendant had lifted cutting A.C.'s finger almost completely off.

4.      A.C. had surgery on his finger and has permanent disfigurement to the finger.

5.      SOUTHWEST AIRLINES, CO. is grossly negligent in putting profits ahead of passenger safety by having a policy and practice that flight attendants are directed to clean airplanes quickly when passengers are departing rather than assist passengers to safely exit the airplanes.

6.      A.C.'s parents bring this action to recover compensatory and punitive damages for significant harm caused by the negligence and gross negligence of SOUTHWEST AIRLINES, CO

## PARTIES

7.      The Plaintiff, BROOKE BAVINGER, is and was at all times material hereto, a citizen of, and domiciled in, Tampa, Hillsborough County, Florida, and is over the age of eighteen (18) years, and in all other respects is sui juris.

8.      The Plaintiff, MICHAEL THURE CAIRE, is and was at all times material hereto, a citizen of, and domiciled in, Tampa, Hillsborough County, Florida, and is over the age of eighteen (18) years, and in all other respects is sui juris.

9.      The Plaintiffs, BROOKE BAVINGER AND MICHAEL THURE CAIRE, are natural parents and legal guardians of A. C., a minor child, who resides with them in Tampa, Hillsborough County, Florida.

10.     Defendant, SOUTHWEST AIRLINES CO. is and was at all times material hereto, a Texas for profit corporation, with its principle place of business in Texas. SOUTHWEST AIRLINES CO. is registered to do business in the state of Florida and can be served with process by delivering the summons and Complaint to THE PRENTICE-HALL CORPORATION SYSTEM, INC., 1201 HAYS STREET, TALLAHASSEE, FL 32301.

## JURISDICTION AND VENUE

11.     This court has original jurisdiction under 29 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the injury to A.C., the minor child, occurred in Tampa, Florida.

## JURY DEMAND

13.     Under Fed. R. Civ. P. 38(b), the Plaintiffs hereby demand a trial by jury.

## FACTS

14.     On April 8, 2018, Brooke Bavinger, her Husband, Michael Thure Caire and their two children were on a Southwest Airlines Co. flight home to Tampa, Florida from Phoenix Arizona, flight no. 6280 reservation number MZRW2C.

15.     Brook Bavinger sat with A.C. and Michael Thure Caire sat with their other child.

16.     After the plane landed, taxied, and as the passengers were instructed to deplane, A.C. stepped into the isle waiting for his mother to come directly behind him, but another passenger pushed between A.C. and his mother.

17.     Brook told A.C. to wait in the empty row a few rows ahead of her, and he did as she said.

18.     At the same time a Southwest Airlines Co. flight attendant was busily cleaning the seats even before the passengers could get off the plane.

19.     The flight attendant got to the row in front of where A.C. was stopped waiting for his mother.

20.     A.C. had his perfect little 3-year-old hand on the back of the armrest as he waited for his mother to be able to get to him.

21.     The flight attendant flipped up the armrest on which A.C.'s head was resting and the arm rest crushed A.C.'s right index finger between the arm rest and the seat.

22.     This impact of the crush caused A.C.'s finger to be nearly severed from his hand, but luckily it was hanging on by a small bit of meat.

23.     Brooke Bavinger saw this happen and pushed through the person who separated her and her child.

24.     Michael Thure Caire reached his son as soon as he heard A.C. crying out, and held A.C.'s finger together to try and stop the bleeding.

25.     Brooke Bavinger and Michael Thure Caire asked the flight attendant at the front of the plane for a bag of ice and EMS.

26.     The airline crew never offered the Plaintiffs a first aid kit.

27.     Brooke and Michael Thure were told to wait at the gate for help.

28.     As they waited at the gate other passengers had brought Brooke and Michael Thure's carry-on luggage.

29.     The flight attendant who had lifted the armrest stopped by and apologize on her way out.

30.     Tampa Fire Rescue finally arrived at the gate and took A.C. directly to St. Joseph's Children's Hospital.

31.     A.C. was reported to have an avulsion of his distal right index finger with a laceration that wrapped around approximately 70 percent of his little finger.

32.     A.C.'s finger was found to have a fracture to the distal phalanx after radiographic studies were performed.

33. The tip of A.C.'s finger was sutured back on. Over the course of the next few months he treated with various doctors.

34. A.C. was evaluated by Dr. David Halpern who is double board certified in orthopedic surgery as well as plastic surgery.

35. Dr. Halpern opined that A.C.'s injuries are permanent in nature, as they have led to permanent deformity of his fingertip, nail, and potential growth and infection issues of his distal phalanx bone.

## FIRST CAUSE OF ACTION
## NEGLIGENCE (COMMON CARRIER)

36. Plaintiff A.C. repeats and realleges Paragraphs 1 through 35 of this Complaint as though fully restated herein.

37. Defendant, SOUTHWEST AIRLINES CO. is a common carrier and as such is required to exercise the highest degree of care and diligence in the safety of its passengers such as the Plaintiff, A.C.

38. Defendant, SOUTHWEST AIRLINES CO. breached their duty to A.C. through the actions and/or inactions of one or more of their agents, servants or employees in some one or more of the following ways:

   a. In placing corporate policies ahead of the safety of its passengers such as A.C.;

   b. In failing to provide A.C. the necessary equipment, personnel, and assistance A.C. needed to safely deplane the aircraft;

   c. In failing to exercise the highest degree of care and diligence in providing for the safety of A.C. as he was deplaning;

   d. In failing to properly and adequately train its employees;

e.  In failing to ensure its contractors were properly and adequately instructed, trained or supervised in assisting child passengers deplaning its aircraft;

f.  In failing to have in place adequate policies and procedures regarding the safe deplaning of its aircraft by minor passengers such as A.C.;

g.  In failing to comply with policies and procedures it had in place, if any, at the time of the incident regarding the safe deplaning of its aircraft; and

h.  In allowing its corporate procedures to get in the way of its employees doing what they knew was right and safe for passengers such as A.C.

39.  As a result of the above referenced breach of its duty, whether of omission or commission were each and all, separately and concurrently, a proximate cause of the damages suffered by A.C.

40.  The damages suffered by A.C. as a result of the Defendant, SOUTHWEST AIRLINES, CO.'s negligence including health care expenses, physical pain and suffering, mental anguish, disfigurement, and physical impairment in the past as well as the future, all of which damages are well in excess of the minimum jurisdictional limits of this court.

## SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE

41.  Plaintiff A.C. repeats and realleges Paragraphs 1 through 35 of this Complaint as though fully restated herein.

42.  Defendant, SOUTHWEST AIRLINES CO.'s conduct was so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of A.C. while deplaning.

## THIRD CAUSE OF ACTION
## FILIAL CONSORTIUM AS TO MICHAEL THURE CAIRE

43.     Plaintiff MICHAEL THURE CAIRE repeats and realleges Paragraphs 1 through 35 of this Complaint as though fully restated herein.

44.     At all times material hereto, the Plaintiff, MICHAEL THURE CAIRE, was, and is, the lawful father of the Plaintiff, A.C.

45.     As a direct, proximate, and foreseeable result of the negligence of the Defendant, SOUTHWEST AIRLINES, CO., the Plaintiff, MICHAEL THURE CAIRE, has suffered, and will continue to suffer the loss of his son's services, support, consortium, and care and comfort of his society.

46.     The Plaintiff, MICHAEL THURE CAIRE, is entitled to compensation for his loss of consortium.

## FOURTH CAUSE OF ACTION
## FILIAL CONSORTIUM AS TO BROOKE BAVINGER

47.     Plaintiff BROOKE BAVINGER repeats and realleges Paragraphs 1 through 35 of this Complaint as though fully restated herein.

48.     At all times material hereto, the Plaintiff, BROOKE BAVINGER, was, and is, the lawful Mother of the Plaintiff, A.C.

49.     As a direct, proximate, and foreseeable result of the negligence of the Defendant, SOUTHWEST AIRLINES, CO., the Plaintiff, BROOKE BAVINGER, has suffered, and will continue to suffer the loss of her son's services, support, consortium, and care and comfort of his society.

50.    The Plaintiff, BROOKE BAVINGER, is entitled to compensation for her loss of consortium.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the court grant the relief requested as follows:

a.  An award of damages to be determined at trial to compensate Plaintiffs for all non-monetary and compensatory harm including, but not limited to, compensation for physical injuries, pain and suffering, humiliation, permanent disfigurement, loss of consortium;

b.  An award for punitive damages in an amount to be determined at trial, sufficient to deter Defendant from engaging in future negligent conduct;

c.  Such other and further relief as the court may deem just and proper.

DATED: **This 2nd Day of June, 2020.**

/s/ Joseph H. Saunders
SAUNDERS & WALKER, PA
Joseph H. Saunders, Esq.
Fla. Bar No. 341746
Joe@SaundersLawyers.com
3491 Gandy Blvd N, Ste 200
Pinellas Park, FL 33781
Phone: (727) 579-4500
Fax: (727) 577-9696
Attorney for Plaintiff

/s/ Wil Flores
WIL FLORES, P.A.
William Flores, Esq.
Fla. Bar No. 111485
Wflores@DeliveringYouJustice.com

5120 Central Avenue
St. Petersburg, FL 33707
Phone: (727) 800-6239
Fax: (727) 328-3536
Attorney for Plaintiff